18-3311-cr
*United States v. Doka*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2019

No. 18-3311-cr

UNITED STATES OF AMERICA,
*Appellee*,

v.

ALBI DOKA,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: JANUARY 30, 2020
DECIDED: APRIL 8, 2020

Before: CABRANES, SACK, AND LOHIER, *Circuit Judges*.

Defendant-Appellant Albi Doka ("Doka") appeals from a judgment of revocation of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*) following three violations of supervised release. On appeal, Doka challenges the revocation of his term of supervised release and the reasonableness of his revocation sentence. The question presented is whether judicial factfinding authorized by 18 U.S.C. § 3583(e)(3) remains constitutional as established by this Court's well-settled precedent, despite the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), holding that judicial factfinding authorized by a different supervised-release provision, 18 U.S.C. § 3583(k), violates the Fifth Amendment's Due Process Clause and the Sixth Amendment's right to jury trial.

We conclude that *Haymond* did not undermine, let alone overrule, our precedent on the validity of § 3583(e)(3), and thus hold that judicial factfinding authorized under that statute remains lawful. Accordingly, the October 18, 2018 judgment of the District Court is **AFFIRMED**.

———

MATTHEW HELLMAN, Assistant United States Attorney (Jordan Estes, Won S. Shin, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY, *for Appellee*.

2

JEREMIAH DONOVAN, Law Offices of
Jeremiah Donovan, Old Saybrook, CT, *for
Defendant-Appellant*.

———————

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant-Appellant Albi Doka ("Doka") appeals from a judgment of revocation of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*) following three violations of supervised release. On appeal, Doka challenges the constitutionality of the revocation of his term of supervised release, the sufficiency of the evidence demonstrating the violations of his conditions of supervised release, and the reasonableness of his revocation sentence.

Our opinion today addresses only Doka's constitutional challenge: whether judicial factfinding authorized by 18 U.S.C. § 3583(e)(3) remains constitutional as established by this Court's well-settled precedent, despite the Supreme Court's recent decision in *United States v. Haymond*[1] holding that judicial factfinding authorized by a different supervised-release provision, 18 U.S.C. § 3583(k), violates the Fifth Amendment's Due Process Clause[2] and the Sixth

---

[1] 139 S. Ct. 2369 (2019).

[2] The Fifth Amendment's Due Process Clause provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

Amendment's right to a jury trial.[3] We conclude that *Haymond* did not undermine, let alone overrule, our precedent on the validity of § 3583(e) and thus hold that judicial factfinding authorized under that statute remains lawful.

In a summary order filed simultaneously herewith, we decide Doka's sufficiency-of-the-evidence challenge to the revocation of his term of supervised release and the challenge to the reasonableness of his revocation sentence.

In sum, the October 18, 2018 judgment of the District Court is **AFFIRMED.**

## I.    BACKGROUND

On September 8, 2015, pursuant to a written cooperation agreement with the Government, Doka pleaded guilty to three counts of a Superseding Information: (1) conspiracy to distribute and possession with intent to distribute oxycodone and cocaine; (2) possession of a firearm in furtherance of a drug-trafficking crime; and (3) false statements to the U.S. Pretrial Services Office. After pleading guilty, Doka remained out on bail. On February 5, 2016, however, Doka's bail was revoked, and he was remanded to custody pending sentencing. On February 9, 2017, the District Court sentenced Doka

---

[3] The Trial by Jury Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a . . . trial, by an impartial jury of the state and district wherein the crime shall have been committed." U.S. Const. amend. VI.

principally to time served (392 days' imprisonment), to be followed by three years of supervised release.

On October 16, 2017, the U.S. Probation Office filed a violation petition alleging that Doka had violated the conditions of his supervised release. The petition identified three specifications of alleged violations that occurred between May and October 2017: (1) committing the state crime of second-degree assault, in violation of New York Penal Law § 120.05; (2) committing the state crime of third-degree criminal possession of a controlled substance, in violation of New York Penal Law § 220.16(1); and (3) using controlled substances.

On June 11, 2018, the District Court conducted an evidentiary hearing on the violations, where the Government presented evidence to establish that, among other things, Doka assaulted a police detective while fleeing a lawful stop, possessed more than 300 pills of oxycodone with the intent to sell them, and used oxycodone while on supervised release.

On August 14, 2018, the District Court issued a written decision concluding that the Government proved all three violations by a preponderance of the evidence. Then, on September 28, 2018, the District Court revoked Doka's term of supervised release and sentenced Doka to forty-eight months' imprisonment, to be followed by ten years of supervised release. The instant appeal followed.

## II.    DISCUSSION

The statute at issue in this case, 18 U.S.C. § 3583(e)(3), authorizes a district court to "revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release."[4] The preponderance-of-the-evidence standard "requires proof that the defendant's violation of supervision was more likely than not."[5]

For the first time, Doka argues on appeal that this statute is unconstitutional. Specifically, Doka contends that the District Court's revocation of his term of supervised release pursuant to § 3583(e)(3) violates the Fifth Amendment due process guarantee that the charges against him be proved beyond a reasonable doubt and the Sixth Amendment right to a jury trial. We review *de novo* questions of law, including questions of constitutional interpretation.[6]

---

[4] 18 U.S.C. § 3583(e)(3).

[5] *United States v. Edwards*, 834 F.3d 180, 199 (2d Cir. 2016) (internal quotation marks omitted).

[6] *See All. for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 911 F.3d 104, 109 (2d Cir. 2018) (citing *ACORN v. United States*, 618 F.3d 125, 133 (2d Cir. 2010)). Because Doka apparently did not raise his constitutional challenge in the District Court, our review is likely for "plain error." Since we conclude that the District Court did not err on this issue in any event and reversal for plain error includes a requirement that there indeed be error, we affirm without reaching the issue of whether "error" or "plain error" is the appropriate standard.

As Doka acknowledges, we have held on multiple occasions that § 3583(e)(3)'s authorization of judicial factfinding by a preponderance of the evidence is constitutional.[7] We have stated, for example, that "[r]evocation proceedings are not deemed part of a criminal prosecution" and that, as a result, "defendants in such proceedings are not entitled to 'the full panoply of rights' that criminal defendants generally enjoy," including the constitutional right to have the Government held to a burden of proof beyond a reasonable doubt and the right to a jury trial.[8] Relatedly, we have pointed out that "a violation of supervised release is not a separate basis for criminal punishment that requires a jury verdict and all that that entails."[9] Rather, "[i]mposition of supervised release is authorized by the original conviction, and so too are the consequences of its violation."[10]

---

[7] *See, e.g., United States v. Carthen*, 681 F.3d 94, 99–100 (2d Cir. 2012); *United States v. Carlton*, 442 F.3d 802, 807–10 (2d Cir. 2006); *United States v. McNeil*, 415 F.3d 273, 276–77 (2d Cir. 2005); *United States v. Meeks*, 25 F.3d 1117, 1123 (2d Cir. 1994), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000).

[8] *Carthen*, 681 F.3d at 99 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)); *see also id*. at 99–100 (stating that "at a [violation of supervised release] hearing, the alleged violation of supervised[ ] release need only be proven by a preponderance of the evidence, not beyond a reasonable doubt") (citing *McNeil*, 415 F.3d at 277)).

[9] *McNeil*, 415 F.3d at 277 (citing *Meeks*, 25 F.3d at 1123).

[10] *Id.*

It is well settled then that, under the law of this Circuit,[11] the Constitution permits judges to revoke a defendant's term of supervised release after finding, under a preponderance-of-the-evidence standard, that the defendant violated his or her conditions of supervised release. Doka relies on the Supreme Court's recent decision in *United States v. Haymond* in support of his argument that his revocation pursuant to § 3583(e)(3) must now be regarded as unconstitutional and that our longstanding precedent on this subject is no longer valid. We disagree.

### A. *United States v. Haymond* and Revocation Proceedings

The Supreme Court held in *Haymond* that § 3583(k) is unconstitutional. Under that statute, "if a judge finds by a preponderance of the evidence that a defendant on supervised release"—who is also required to register as a sex offender—"committed one of several enumerated offenses . . . the judge *must* impose an additional prison term of at least five years and up to life without regard to the length of the prison term authorized for the defendant's initial crime of conviction."[12]

---

[11] We are also not aware of any decisions to the contrary by our sister Circuits.

[12] *Haymond*, 139 S. Ct. at 2374 (plurality opinion) (emphasis in original). Section 3583(k) provides:

> Notwithstanding subsection (b), the authorized term of supervised release for any offense under section[s] 1201 involving a minor victim, and

The facts in *Haymond* were straightforward and typical of a revocation hearing: a trial judge, acting without a jury, found that it was more likely than not (*i.e.*, the preponderance-of-the-evidence standard) that a defendant had violated one or more conditions of supervised release.[13] Ordinarily, once that determination is made, the judge must consider whether to revoke the term of supervised release and "impose a new prison term up to the maximum period of supervised release authorized by statute for the defendant's original crime of conviction, subject to certain limits."[14]

Notably, however, the defendant's situation in *Haymond* presented a circumstance that is not present in all revocations of

for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life. If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

18 U.S.C. § 3583(k).

[13] *Haymond*, 139 S. Ct. at 2374 (plurality opinion).

[14] *Id.* (citing 18 U.S.C. § 3583(e)(3)).

supervised release—and certainly not present in the instant case. Haymond was originally convicted of possessing child pornography, an offense covered by § 3583(k)[15] that carries a statutory maximum of ten years.[16] Because the defendant in that case was a registered sex offender on supervised release, who in turn was charged with committing one of the offenses listed in § 3583(k), at the violation of supervised release proceedings the trial judge was "bound [by § 3583(k)] to impose an additional prison term of at least five years" and up to life imprisonment.[17]

The Supreme Court held that the statute's application of an additional five-year prison term violated the defendant's rights under the Fifth and Sixth Amendments. Although a majority of five Justices concluded that the statute was unconstitutional, they were unable to agree on a single or consistent rationale. Justice Gorsuch, in a plurality opinion joined by Justice Ginsburg, Justice Sotomayor, and Justice Kagan (hereafter, the "Gorsuch plurality"), offered one rationale for the Court's holding. Justice Breyer, the author of a separate opinion concurring in the judgment, offered another.

According to the Gorsuch plurality, § 3583(k) is unconstitutional under *Apprendi v. New Jersey*[18] and its progeny—particularly, under

---

[15] *Id*.

[16] *Id*. at 2373.

[17] *Id*. at 2375.

[18] 530 U.S. 466 (2000).

*Alleyne v. United States*.[19] The Gorsuch plurality relied on this line of cases to explain that a fact that increases a mandatory minimum sentence authorized by statute must be found by a jury on the basis of proof beyond a reasonable doubt.[20] The Gorsuch plurality concluded that § 3583(k) is constitutionally infirm because it "increased the legally prescribed range of allowable sentences" on the basis of facts found by a judge by a preponderance of the evidence.[21]

By contrast, Justice Breyer's separate opinion offered a narrower rationale. On the one hand, Justice Breyer agreed with the four dissenting Justices—which for convenience may be styled the "Alito plurality"[22]—that "the *Apprendi* line of cases," *Alleyne* included,

---

[19] 570 U.S. 99 (2013).

[20] *See Haymond*, 139 S. Ct. at 2376–78 (plurality opinion). Other than the fact of a defendant's prior conviction, *see Almendarez-Torres v. United States*, 523 U.S. 224 (1998), or facts that affect how a defendant serves multiple sentences, *see Oregon v. Ice*, 555 U.S. 160 (2009), "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" or admitted by the defendant, *Apprendi*, 530 U.S. at 490. Similarly, the Supreme Court in *Alleyne* stated, in the context of sentencing enhancements at the initial sentencing hearing, that when "a finding of fact alters the legally prescribed punishment so as to aggravate it," the finding must be made by a jury beyond a reasonable doubt. 570 U.S. at 114.

[21] *Haymond*, 139 S. Ct. at 2378 (plurality opinion).

[22] The four dissenting justices were Chief Justice Roberts, Justice Thomas, Justice Alito (the author of the dissenting opinion), and Justice Kavanaugh. *See Haymond*, 139 S. Ct. at 2369–2400 (Alito, J., dissenting).

11

should not be extended to the "supervised-release context."[23] On the other hand, he agreed with Justice Gorsuch's plurality holding that § 3583(k) is unconstitutional. Rather than relying on *Apprendi* and *Alleyne*, Justice Breyer explains that there are "three aspects of this provision" that are problematic when "considered in combination" because they more closely resemble the punishment of new criminal offenses and thus depart from the ordinary revocation context—specifically, that § 3583(k): (1) "applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute"; (2) "takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long"; and (3) "limits the judge's discretion in a particular manner[ ] by imposing a mandatory minimum term of imprisonment" upon the judge's finding that it is more likely than not that the defendant committed a criminal offense listed in the statute.[24]

When a majority of the Supreme Court agrees on the judgment, such as here, "but no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'"[25] In *Haymond*, Justice Breyer's opinion concurring in the judgment represents the narrowest ground

---

[23] *Haymond*, 139 S. Ct. at 2385 (Breyer, J., concurring in the judgment).

[24] *Id.* at 2386 (internal quotation marks omitted).

[25] *Marks v. United States*, 430 U.S. 188, 193 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (plurality opinion)).

supporting the judgment, and therefore provides the controlling rule.[26]

With this important background in mind, we turn to Doka's challenge to the constitutionality of § 3583(e)(3).

### B. The Constitutionality of § 3583(e)(3) After *Haymond*

*Haymond* did not undermine our clear precedent on the constitutionality of § 3583(e)(3). We reach this conclusion primarily for two reasons.

*First*, § 3583(e)(3) does not contain any of the three features that, in combination, render § 3583(k) unconstitutional. Section 3583(e)(3) does not: (1) apply to a discrete set of offenses; (2) eliminate the trial judge's discretion in a revocation proceeding; and (3) impose a mandatory minimum term of imprisonment for the violation of a condition of supervised release.[27] To the contrary, § 3583(e)(3) applies generally to violations of a condition of supervised release and authorizes the court to exercise its discretion in determining whether to revoke a term of supervised release and, if so, whether to impose a

---

[26] Indeed, the dissenting opinion for four Justices acknowledges that *Haymond*'s "holding . . . is set out in Justice Breyer's opinion." *Haymond*, 139 S. Ct. at 2386 (Alito, J., dissenting). The Eighth Circuit has also concluded recently that "Justice Breyer's opinion [in *Haymond*] is the narrower opinion, and therefore controls." *United States v. Watters*, 947 F.3d 493, 497 (8th Cir. 2020).

[27] *See Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment).

13

term of imprisonment at all.[28] Accordingly, § 3583(e)(3) governs revocation proceedings generally and does not mandate a "punishment for a new offense, to which the jury right would typically attach."[29]

*Second*, none of the Justices in *Haymond* appear to suggest that § 3583(e)(3)'s authorization of judicial factfinding violates the Constitution. For example, Justice Breyer and the four dissenting Justices agree that, because revocations are "typically understood as 'part of the penalty for the initial offense'" and not part of an additional punishment for a new offense,[30] "Congress did not intend the [role of the judge in the] system of supervised release to differ from [that in traditional] parole."[31] As a result, these five Justices expressly

---

[28] 18 U.S.C. § 3583(e) ("The court *may* . . . (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . .") (emphasis added). Although the statute does restrict the trial judge's discretion to impose a revocation sentence, it does so in favor of the defendant. Far from imposing a mandatory minimum sentence, § 3583(e)(3) provides "that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case." *Id.*

[29] *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment).

[30] *Id.* (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)).

[31] *Id.* at 2385; *see also id.* at 2390–91 (Alito, J., dissenting).

14

rejected any attempt to "transplant the *Apprendi* line of cases to the supervised-release context."[32]

By the same token, when faced with Justice Alito's claims that the Gorsuch plurality's opinion appears to "strongly suggest that the Sixth Amendment right to a jury trial applies to *any* supervised-release revocation proceeding,"[33] the Gorsuch four-Justice plurality disclaimed any such result. More specifically, the Gorsuch plurality "emphasized" that its "decision is limited to § 3583(k)—an unusual provision enacted little more than a decade ago—and the *Alleyne* problem raised by its 5-year mandatory minimum term of imprisonment."[34] The Gorsuch plurality further noted that "[§] 3583(e), which governs supervised release revocation proceedings generally, does not contain any similar mandatory minimum triggered by judge-found facts."[35] Accordingly, the Gorsuch plurality did not second-guess a judge's discretionary authority to revoke a term of supervised release on the basis of facts found by the judge under a preponderance-of-the-evidence standard[36]—at least to the extent those

---

[32] *Id.* at 2385 (Breyer, J., concurring in the judgment); *see also id.* at 2388–89 (Alito, J., dissenting).

[33] *Id.* at 2387 (Alito, J., dissenting) (emphasis in original).

[34] *Id.* at 2383 (plurality opinion).

[35] *Id.* at 2383–84.

[36] *See United States v. Watters*, 947 F.3d 493, 497 (8th Cir. 2020) ("The plurality . . . characterized its holding as limited in scope to § 3583(k) and not extending more generally to § 3583(e).").

facts do not "trigger a *new* mandatory minimum prison term" exceeding the range of punishments authorized by the jury's verdict.[37]

In sum, the principal disagreement among the nine Justices was the applicability of *Apprendi* and its progeny specifically to § 3583(k). Indeed, the Gorsuch plurality asserted that the unconstitutionality of supervised release proceedings outside of the § 3583(k) context was not presented in *Haymond*.[38]

Finally, it may well be true that *Haymond*'s "plurality opinion appears to have been carefully crafted for the purpose of laying the groundwork for later decisions of *much* broader scope,"[39] including the broad proposition that "[o]nly a jury, acting on proof beyond a

---

[37] *Haymond*, 139 S. Ct. at 2380 (plurality opinion) (emphasis in original).

[38] *Id.* at 2383 ("[W]hat agitates the dissent so much is an issue not presented here: whether *all* supervised release proceedings comport with *Apprendi*." (emphasis in original)). Even putting aside the fact that there is no Supreme Court case applying *Apprendi* and its progeny to revocation proceedings, there is no *Apprendi* concern here. Doka's case falls within "the vast majority of supervised release revocation proceedings under subsection (e)(3) [that] would likely be unaffected" by an application of *Apprendi* because "combining a defendant's initial and post-revocation sentences issued under § 3583(e) will not yield a term of imprisonment that exceeds the statutory maximum term of imprisonment the jury has authorized for the original crime of conviction." *Haymond*, 139 S. Ct. at 2384 (plurality opinion). Here, the sum of Doka's initial and post-revocation sentences (*i.e.*, 392 days plus 48 months' imprisonment) is well within the range of allowable sentences as prescribed by Congress and authorized by the jury's verdict of his underlying conviction under 18 U.S.C. § 924(c) (*i.e.*, sentence of up to life imprisonment).

[39] *Id.* at 2386 (Alito, J., dissenting) (emphasis in original).

reasonable doubt, may take a person's liberty."[40] But as an inferior federal court "we are not at liberty to browse through these tea leaves and vaticinate what future holdings the Supreme Court may (or may not) make."[41] Where, as here, the Supreme Court has not undermined, our Court's clear precedent on the vitality of § 3583(e)(3), we must apply that longstanding precedent and thus reject Doka's constitutional challenge.

Because the District Court did not err, let alone plainly err, by adhering to Congress's clear authorization under § 3583(e)(3) and the law of this Circuit on this subject, we reject Doka's constitutional challenge to the revocation of his term of supervised release.

## III.   CONCLUSION

To summarize, we hold that:

(1) The Supreme Court's decision in *United States v. Haymond* holding that a different supervised-released provision, 18 U.S.C. § 3583(k), is unconstitutional, did not undermine our well-settled precedent acknowledging that the Constitution permits a sentencing judge to find facts under a preponderance-of-the-evidence standard in revocation proceedings as authorized by 18 U.S.C. § 3583(e)(3).

---

[40] *Id.* at 2373 (plurality opinion).

[41] *United States v. Gonzalez*, 949 F.3d 30, 42 (1st Cir. 2020).

17

(2) *Haymond*'s holding is limited to § 3583(k) and does not extend to § 3583(e)(3).

(3) Under the controlling rule in *Haymond* set forth in Justice Breyer's opinion concurring in the judgment, § 3583(e)(3) does not present any of the three factors that, in combination, render § 3583(k) unconstitutional. Specifically, § 3583(e)(3) does not apply to a discrete set of offenses; eliminate the sentencing judge's discretion in revocation proceedings; or impose a mandatory minimum term of imprisonment for the violation of a condition of supervised release.

(4) In sum, § 3583(e)(3) remains constitutional under our well-settled Circuit precedent, and the District Court's revocation of Doka's term of supervised release based on its findings by a preponderance of the evidence did not violate Doka's rights under the Fifth and Sixth Amendments.

For the foregoing reasons, the District Court's October 18, 2018 judgment is **AFFIRMED**.