25-42-cr
*United States v. Tonge*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand twenty six.

PRESENT:  Steven J. Menashi,
            Myrna Pérez,
            Alison J. Nathan,
                *Circuit Judges.*

———————————————————————————

United States of America,

      *Appellee,*

    v.                                                          No. 25-42-cr

Jomari Tonge,

      *Defendant-Appellant.*

———————————————————————————

*For Appellee*:                LAUREN E. PHILLIPS (Robert B. Sobelman, Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*:     KENDRA L. HUTCHINSON, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Clarke, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jomari Tonge appeals from a judgment entered on December 20, 2024, convicting him, following his guilty plea, of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the facts and procedural history.

The sole issue raised on appeal is Tonge's argument that § 922(g)(1) is unconstitutional on its face and as applied to him pursuant to the decision of the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The district court rejected this argument and accordingly denied Tonge's motion to

dismiss the indictment. "We review *de novo* questions of law, including questions of constitutional interpretation." *United States v. Doka*, 955 F.3d 290, 293 (2d Cir. 2020).

Tonge's challenge is foreclosed by the decision of this court in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025). In *Zherka*, this court held that § 922(g)(1) is constitutional both on its face and as applied to individuals with felony convictions, including those whose prior convictions were nonviolent. According to *Zherka*, § 922(g)(1) is consistent with the nation's historical tradition of firearm regulation and therefore withstands the scrutiny that *Bruen* requires for alleged violations of the Second Amendment. *See* 140 F.4th at 78-79. That binding precedent resolves this appeal.

We have considered Tonge's remaining arguments, which we conclude are without merit. For the foregoing reasons, the judgment of the district court is affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
