# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3234
_____

United States of America

*Plaintiff - Appellee*

v.

Moses Childs, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: September 20, 2021
Filed: November 8, 2021

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Moses Childs, Jr. pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). In 2004, the district court sentenced him as an Armed Career Criminal to 180 months in prison and five years of supervised release. *See **United States v. Childs***, 403 F.3d 970 (8th Cir. 2005) (affirming sentence). In 2016, the district court vacated Childs' sentence based on *Johnson v. United States*, 576 U.S. 591 (2015) and resentenced him to "time served"

with three years' supervised release. Childs violated the conditions of release by committing sexual assault. The district court[1] revoked his release and sentenced him to eight months in prison and 18 months' supervised release, to be served consecutively to his state sentence for assault. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Childs argues the district court imposed an illegal sentence because he overserved the maximum time permitted by statute for his felon-in-possession charge (10 years). This court reviews de novo the legality of a revocation sentence. *See United States v. Walker*, 513 F.3d 891, 893 (8th Cir. 2008).

A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." **18 U.S.C. § 3583(e)(3)**. For a Class C felony conviction, the maximum revocation prison sentence is two years. *Id.* Childs' sentence does not violate the maximum term set forth in § 3583(e)(3).

Childs' belief—that his sentence exceeded the statutory maximum because the number of years he served was greater than the sum of the maximum term of imprisonment *plus* the maximum term of supervised release—is without merit. The maximum term of imprisonment is governed by the law of the offense. *See United States v. Postley*, 449 F.3d 831, 833 (8th Cir. 2006). Supervised release is distinct from the prison term, and the amount of time to be served is determined separately. *See United States v. Johnson*, 529 U.S. 53, 59 (2000); *Postley*, 449 F.3d at 833. *See also United States v. Poe*, 471 Fed. Appx. 556, 556 (8th Cir. 2012) ("supervised

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

release may be imposed in addition to the statutory maximum for the offense of conviction").

Childs argues the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019)—which held 18 U.S.C. § 3583(k) unconstitutional as applied to the defendant there— applies to all supervised release cases under 18 U.S.C. § 3583. This argument is based on the plurality opinion, not Justice Breyer's controlling opinion. *See **Marks v. United States***, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." (internal quotation marks omitted)). *Haymond* applies to § 3583(k) cases, not to all cases under § 3583. *See **Haymond***, 139 S. Ct. at 2385 (Breyer, J., concurring in the judgment) (noting that "in light of the potentially destabilizing consequences, I would not transplant the *Apprendi* line of cases to the supervised-release context"). *See also **United States v. Henderson***, 998 F.3d 1071, 1072 (9th Cir. 2021) (noting that *Haymond* did not overrule prior opinions "which held a term of supervised release may extend beyond the statutory maximum for the underlying substantive offense").

The district court did not err in sentencing Childs to eight months in prison.

II.

Again relying on *Haymond*, Childs asserts that the revocation of his supervised release violates his Constitutional right to a jury. Again, *Haymond* is inapplicable. The Court there found that 18 U.S.C. § 3583(k) violated the defendant's Fifth and Sixth Amendment rights to a jury trial because it increased the mandatory minimum based on facts not found by a jury beyond a reasonable doubt. However, *Haymond* clarified that its holding was "limited to § 3583(k)." ***Haymond***, 139 S. Ct. at 2383, 2385-86 (plurality opinion) (Breyer, J., concurring in the judgment). And this court rejected the argument that *Haymond* applies to § 3583(e).

*See United States v. Eagle Chasing*, 965 F.3d 647, 651 (8th Cir. 2020) ("Until the Supreme Court invalidates § 3583(e)(3), we must follow our precedent and hold that the revocation of Eagle Chasing's release did not violate his constitutional rights."). The revocation of Childs' supervised release did not violate his Constitutional right to a jury trial.

## III.

Childs believes his sentence is substantively unreasonable because the district court failed to consider the time he had already served. This court reviews for abuse of discretion. *Id.* at 653.

The district court carefully considered and weighed the relevant factors under § 3553(a) and specifically considered Childs' argument about his time served:

> As far as the supervised release violation itself, for this type of conviction, a two-year sentence would be appropriate, but I am taking into consideration that you did overserve on the—on the underlying felony over in the Northern District of Iowa . . . .

> . . . .

> And I'm going to impose an eight-month sentence. I would normally impose a 24-month sentence, but I am taking into consideration the *Johnson* ruling . . . .

Childs also claims that "no rehabilitative goals would be met by transferring him to federal prison for eight months in addition to the almost 15 years he had served." The district court disagreed:

If you're sentenced to a period of eight months, you'll essentially be assigned to a BOP facility and very shortly after that there would be a release plan developed and be released into the community.

So I'm taking all of that into consideration. And what I'm planning on doing is an eight-month sentence with that in mind, with 18 months of supervised release to follow, and that's primarily to get you back on your feet. You're not going to have parole in the state system. So there's going to be an eight-month sentence followed by 18 months of supervised release.

And supervised release isn't designed as punishment. It's designed to get you back on your feet, get you some resources to get back in the community. So that is the basis of my sentence.

The district court did not abuse its "broad discretion" in determining Childs' sentence. *See **United States v. Boelter***, 806 F.3d 1134, 1136 (8th Cir. 2015).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____