FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WADE H. DEWEY,

    Defendant - Appellant.

No. 23-3055
(D.C. No. 6:14-CR-10059-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Wade H. Dewey appeals the district court's revocation of his term of supervised release. He contends the district court erred by relying on his *attempts* to violate a special condition of his supervised release, rather than on any completed violation. The record, however, refutes Dewey's factual premise that he only attempted to violate a special condition of his supervised release. Consequently, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's judgment.

---

\* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Dewey was sentenced to 20 years in prison, followed by 10 years of supervised release, for possessing child pornography.  *See* 18 U.S.C. § 2252(a)(4)(B). In November 2022, he began serving his term of supervised release, during which he was prohibited from "accessing certain types of web sites to include:  social networking, chat rooms, and those depicting sexually explicit conduct or pornographic material."  R., Vol. I at 60 (Special Condition 5).[1]

In March 2023, the government moved to revoke Dewey's supervised release, alleging in an Amended Violation Report that he violated Special Condition 5 by *both* accessing *and* attempting to access pornographic websites and sexually explicit material.  First, the government alleged that "he attempted to access multiple pornographic web sites and searched for sexually explicit material," which it discovered during routine reviews of his internet activity on January 26 and

---

[1] The full text of Special Condition 5 provides:

> As directed by the U.S. Probation Officer, the defendant shall cooperate with and abide by the policies of the United States Probation Office's Computer and Internet Monitoring Program which includes restrictions and/or prohibitions related to:  computer and Internet usage, possession and use of electronic, cellular, gaming, and Internet appliance devices; possession and use of computer hardware and software, encryption hardware or software, and accessing certain types of web sites to include:  social networking, chat rooms, and those depicting sexually explicit conduct or pornographic material.  The defendant will also be subject to computer monitoring, and will provide the United States Probation Office with a complete inventory of all electronic and Internet capable devices, user account information as well as password(s).

R., Vol. I at 60.

February 1, 2023. *Id.*, Vol. II at 54, para. 8; *see id.*, para. 9. Second, the government alleged that he actually accessed prohibited websites, which it discovered on February 7, 2023, when a search of his cellphone "reveal[ed] numerous web sites visited that appeared to be pornographic or sexually explicit in nature." *Id.*, para. 10. Additionally, the government alleged that Dewey admitted these allegations to his probation officer on February 7, 2023—the same day his phone was searched: "On 02/07/23, the defendant admitted accessing and/or attempting to access web sites containing sexually explicit conduct or pornographic material from 01/21/23 to 02/07/23." *Id.* at 55, para. 13.

The district court held a hearing on the motion for revocation. At the hearing, the district court advised Dewey that he could either "contest the claims in the violation report" and put the government to its burden of proving the violation by a preponderance of the evidence, or he "could admit the violations and [the court would] decide what's to be done about them," *id.*, Vol. III at 7. Dewey's counsel replied that he wished to "stipulate to the allegations in the violation report." *Id.* at 8. The district court asked Dewey to confirm that he wished to stipulate to the allegations, to which Dewey replied, "Yes." *Id.* The district court then recited only the allegation that he had previously admitted the allegations to his probation officer on February 7, 2023: "The allegation . . . is that on February the 7th, 20[2]3 you admitted accessing or attempting to access websites containing sexually explicit conduct or pornographic material from January 21st, 2023 to February 7th, 2023." *Id.* at 9. The district court pointedly asked Dewey, "Admit or deny?" *Id.* Dewey

3

replied, "Yes." *Id.* The district court clarified, "You admit that?" *Id.* Again, Dewey replied, "Yes." *Id.* The district court advised Dewey he could put on evidence of the violation, but he declined. The district court thus stated: "based on the defendant's admissions the Court finds that he's violated his special condition number 5 of his supervised release as set forth in paragraph 13 of the Amended Violation Report, and he has waived his right to present evidence on that." *Id.* at 10.

The district court then turned to sentencing. The district court heard testimony from Dewey's probation officer, who testified that he installed monitoring software on Dewey's cellphone. The probation officer explained that Dewey turned off the monitoring software's screen-capturing function, so there were no screen-captures of videos he was able to see from his search terms. But the probation officer indicated the monitoring software still recorded Dewey's search terms, which included terms for child pornography, familial pedophilia, and bestiality. The probation officer testified that the monitoring software generated 90 pages of search terms, which the district court admitted into evidence. The district court also admitted 30 pages of handwritten notes, which the probation officer recovered from Dewey's bedroom. The probation officer testified that he believed these notes were pornographic internet search terms that Dewey compiled.

The district court weighed the 18 U.S.C. § 3553(a) factors and concluded that, "[b]ased on the [amended] violation report, the admissions, the evidence . . . , [and] the previously stated findings, . . . Dewey has violated the conditions of supervised release . . . and that . . . term of supervised release is revoked." R., Vol. III at 67.

4

The court sentenced him to two years in prison, followed by ten years of supervised release.

II

On appeal, Dewey contends that Special Condition 5 prohibited him from "*accessing* certain" websites, but it did not prohibit him "from *attempting* to access certain websites." Aplt. Br. at 9 (internal quotation marks omitted). He says that because he "admitted accessing *or attempting* to access" prohibited websites, his admission is insufficient to support the district court's revocation of his supervised release. *Id.* (internal quotation marks omitted).

"The district court must find by a preponderance of the evidence that the defendant violated a condition of his supervised release." *United States v. Disney*, 253 F.3d 1211, 1213 (10th Cir. 2001) (internal quotation marks omitted). We generally review "a district court's decision to revoke supervised release for abuse of discretion," but we review underlying legal questions de novo. *United States v. Shakespeare*, 32 F.4th 1228, 1232 (10th Cir.), *cert. denied*, 143 S. Ct. 463 (2022) (internal quotation marks omitted). Here, however, Dewey failed to raise his argument in the district court, so we review only for plain error. *Id.* "To show plain error, [Dewey] must demonstrate (1) an error (2) that is clear or obvious, rather than subject to reasonable dispute, (3) affected his substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

5

Dewey's argument falters on the first element of plain error review.  He says he did not admit to accessing prohibited websites, but the Amended Violation Report alleged that a search of his cellphone revealed numerous websites "*visited*" that appeared to be pornographic or sexually explicit in nature.  R., Vol. II at 54, para. 10 (emphasis added).  This allegation does not suggest a mere attempt; it expressly alleges Dewey actually "visited" prohibited websites.  *Id.*  And Dewey stipulated to this allegation at the revocation hearing when the district court asked if he wished to "contest the claims in the violation report" or "admit the violations."  *Id.*, Vol. III at 7.  Dewey and his counsel both indicated he wished to "stipulate to the allegations in the violation report."  *Id.* at 8.  Again, those allegations were not only that he attempted to access prohibited websites, but also that he actually "visited" prohibited websites.  *Id.*, Vol. II at 54, para. 10.

Dewey ignores his stipulation and focuses on the allegation that he previously "admitted accessing and/or attempting to access" prohibited websites on February 7, 2023.  *Id.* at 55, para. 13.  Dewey cites the district court recitation of that allegation at the revocation hearing, when the district court explained the Amended Violation Report alleged that on February 7, 2023, when Dewey's probation officer searched his cellphone, Dewey "'admitted accessing or attempting to access'" prohibited websites.  Aplt. Br. at 6, 9 (emphasis omitted) (quoting R., Vol. III at 9).  Dewey admitted that allegation to the district court too, but he had stipulated to *all* of the factual allegations, including that he "visited" prohibited websites.  R., Vol. II at 54,

6

para. 10; *see id.*, Vol. III at 8. Thus, there is no merit to his argument that he only admitted attempting to access prohibited websites.

Further, even if there were a latent ambiguity in the record suggesting a potential error, Dewey could not surmount the second element of plain error review. Establishing an alleged error was plain requires that Dewey demonstrate it was clear or obvious. *See United States v. Finnesy*, 953 F.3d 675, 694 (10th Cir. 2020) (concluding a defendant could not establish that an alleged error was plain, in part because it was not "clear or obvious" from the record). That means he must show it was clear or obvious in the record that he admitted only to attempting to access prohibited websites. But as discussed, he "admitted accessing and/or attempting to access" prohibited websites, R., Vol. II at 55, para. 13; *see id.*, Vol. III at 9, after explicitly declining to put the government to its burden of proving the violations and stating he wished to stipulate to the allegations of the violation report, which included the allegation that he actually visited websites. The record thus does not clearly or obviously demonstrate he only admitted attempting to access prohibited websites. Hence, Dewey cannot show any error in relying on his admissions to find he violated Special Condition 5 and revoke his term of supervised release was plain.

III

The district court's judgment is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge

7