# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-3060

_____

United States of America

*Plaintiff - Appellee*

v.

Garrett Hannes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 3, 2026
Filed: April 8, 2026
[Unpublished]

_____

Before SHEPHERD, KELLY, and ERICKSON, Circuit Judges

_____

PER CURIAM.

Garrett Hannes appeals after the district court[1] revoked his supervised release and imposed an above-Guidelines-range sentence of 24 months in prison followed by

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

60 months of supervised release. Proceeding pro se, Hannes challenges the sentence on several grounds and argues that his counsel was ineffective.

Upon careful review, we conclude that the district court did not procedurally err or abuse its discretion in sentencing Hannes. See United States v. Miller, 557 F.3d 910, 915–16 (8th Cir. 2009) (explaining that "[w]e review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions," first reviewing for significant procedural error and then evaluating the sentence's substantive reasonableness under an abuse-of-discretion standard); United States v. Feemster, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) ("[W]e . . . must give due deference to district court's decision that [sentencing] factors, on a whole, justify the extent of the variance."). Contrary to Hannes's arguments, the sentence fell within statutory limits, see 18 U.S.C. § 3583(e)(3) (2-year maximum revocation prison term when offense of conviction was Class C felony), (h) (upon revocation, court may impose new supervised release term if it does not exceed term authorized by statute for offense of conviction, less revocation prison terms), (k) (maximum supervised release term is life for violation of 18 U.S.C. § 2250), and did not involve a mandatory minimum prison term under 18 U.S.C. § 3583(k), see United States v. Childs, 17 F.4th 790, 792 (8th Cir. 2021) (holding the invalidation of mandatory minimum revocation prison terms "applies to § 3583(k) cases, not to all cases under § 3583"). Finally, we decline to consider his argument regarding ineffective assistance of counsel on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826–27 (8th Cir. 2006) ("Claims of ineffective assistance of counsel, however, are usually best litigated in collateral proceedings[.]").

Accordingly, we affirm.

_____