**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

PAUL ANDREW MEMMOTT,

　　Defendant - Appellant.

No. 20-4119
(D.C. Nos. 2:20-CV-00464-TC &
2:08-CR-00856-TC-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **SEYMOUR** and **EBEL**, Circuit Judges.
_____

　　More than a year after his conviction, Defendant Paul Memmott filed a motion under 28 U.S.C. § 2255 seeking post-conviction relief from his sentence by arguing that his incarceration under § 3583(k) is unconstitutional.  The district court denied his motion because it was untimely under 28 U.S.C. § 2255(f).  The district court further denied Memmott's request for a Certificate of Appealability (COA) under 28 U.S.C. § 2253 to pursue this appeal.  Memmott now seeks a COA from this court and argues that the district court erred in denying his petition.  We deny Memmott a COA and dismiss this appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    FACTUAL BACKGROUND

In 2009, Memmott pleaded guilty to possession of child pornography.  He was sentenced to a forty-three-month term of imprisonment and a sixty-month term of supervised release.  Consistent with 18 U.S.C. § 3583(d), the sentencing court ordered him to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) upon his release from prison.  After release, Memmott violated the terms of his supervised release and was sentenced to an additional seven-month term of imprisonment to be followed by an extended ten-year term of supervised release.  On his second release, the United States accused Memmott of possessing child pornography along with other noncriminal supervised release violations.  As a registered sex offender, he faced punishment under 18 U.S.C. § 3583(k) for violating his supervised release if the district court found by a preponderance of the evidence that Memmott possessed child pornography.  Section 3583(k) provided a sentencing range of at least five years up to life in prison. Memmott cut a deal with prosecutors in 2014 whereby he admitted to the possession of child pornography in exchange for a ten-year sentence and the guarantee that the government would not pursue new criminal charges.

In 2019, the Supreme Court in United States v. Haymond ruled that 18 U.S.C. § 3583(k) violated a defendant's Sixth Amendment jury trial right and Fifth Amendment right to due process by authorizing a new mandatory minimum prison sentence for a supervised release violation based on a judge's fact-finding by a preponderance of the evidence.  139 S. Ct. 2369 (2019).  Within a year of Haymond,

Memmott filed a motion under 28 U.S.C. § 2255 seeking post-conviction relief from his sentence. The district court found that Haymond announced a procedural rule that could not apply retroactively, and as a result, his motion was untimely under 28 U.S.C. § 2255(f) as it was filed more than one year after the date on which his judgment became final. Memmott sought a Certificate of Appealability (COA), but the district court denied his application.

Memmott now seeks a COA from this Court under 28 U.S.C. § 2253(c)(2). If granted, Memmott contends that the district court erred in holding his motion untimely and that Haymond did not apply retroactively.

## II.     DISCUSSION

Because the district court denied COA below, Memmott seeks a COA from this court now. We may not reach the merits of this case without first granting Memmott COA. Gonzalez v. Thaler, 565 U.S. 134, 142 (2012). Under 28 U.S.C. § 2253(c)(2), we may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at 140. Because the district court disposed of Memmott's § 2255 motion on a procedural basis—untimeliness—without addressing the merits of his constitutional claims, Memmott must "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

3

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The district court found jurists of reason could not disagree that Memmott's motion was untimely under 28 U.S.C. § 2255(f) because he filed it five years after final judgment. 28 U.S.C. § 2255(f)(1) requires that a motion for post-conviction relief be filed within one year of the date on which the judgment becomes final. If the motion is based on a newly recognized right, however, a litigant can present it to the court within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Memmott argues that his motion is timely under § 2255(f)(3) because his motion is based on newly recognized rights made retroactive by the Supreme Court in Haymond and he filed his § 2255 motion within one year of that case. The district court found that § 2255(f)(3) was inapplicable because Haymond announced a procedural rule that does not apply retrospectively.

In Haymond, a registered sex offender who was previously convicted of possessing child pornography was found with what appeared to be child pornography while on supervised release. 139 S. Ct. 2369 at 2374. When the government sought to revoke Haymond's supervised release, § 3583(k) required that the district judge impose a mandatory minimum five years of additional imprisonment if the judge found that Haymond had committed an enumerated crime. Finding by a preponderance of the evidence that Haymond had committed such a crime, the

4

district court imposed the mandatory five-year minimum sentence. Id. at 2375. If not for § 3583(k), Haymond would have faced between zero and two years in additional imprisonment under § 3583(e)(3). Id. Haymond appealed to this Court, and we reversed, holding that "§ 3583(k) is unconstitutional because it changes the mandatory sentencing range to which a defendant may be subjected, based on facts found by a judge, not by a jury, and because it punishes defendants for subsequent conduct rather than for the original crime of conviction." United States v. Haymond, 869 F.3d 1153, 1156, 1160 (10th Cir. 2017), vacated and remanded, Haymond, 139 S. Ct. at 2385.

On appeal to the Supreme Court, a divided Court relied on the Apprendi v. New Jersey, 530 U.S. 466 (2000) line of cases and agreed that § 3583(k) violated Haymond's constitutional right to a jury trial. Haymond, 139 S. Ct. at 2380. A four-justice plurality concluded that the imposition of a five-year mandatory minimum sentence based on judge found facts violated the Sixth Amendment. Id. Concerned that the plurality may be attempting to "transplant the Apprendi line of cases to the supervised-release context," Justice Breyer concurred in the judgment on narrower grounds. Id. at 2385 (Breyer, J., concurring in the judgment). Justice Breyer agreed that § 3583(k) violated Haymond's Sixth Amendment rights based on three specific features of the statute:

> First, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. Second, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. Third, § 3583(k) limits the judge's discretion in a particular

manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "commit[ted] any" listed "criminal offense."

Id. at 2386 (quoting § 3583(k)).  Justice Breyer found these features made § 3583(k) appear more like a new criminal prosecution, which requires a jury to find the facts to support a mandatory minimum sentence under Alleyne v. United States, 570 U.S. 99, 103 (2013).  Id.  As Justice Breyer's opinion  presents the narrowest grounds to support the judgment, we conclude that Justice Breyer's concurrence represents the opinion of the Court.  See Marks v. United States, 430 U.S. 188, 193 (1977) (holding that in fragmented Supreme Court decisions where no rationale achieves a majority, the holding of the Court is "that position taken by those Members who concurred in the judgments on the narrowest grounds."); United States v. Henderson, 998 F.3d 1071, 1076 (9th Cir. 2021), cert. denied, 142 S. Ct. 810 (2022) ("Justice Breyer's separate concurrence in the judgment [in Haymond] is . . . controlling.").

The Supreme Court in Haymond declined to rule on whether the offending provisions of § 3583(k) were void or whether a jury could be empaneled to find the facts that would warrant a mandatory minimum five-yar prison sentence to avoid the constitutional issues. 139 S. Ct. at 2385 (plurality opinion) ("We decline to tangle with the parties' competing remedial arguments today."); id. at 2385 (Breyer, J., concurring in the judgement) (agreeing).  On remand, this Court also declined to make findings as to the remedy and instead dismissed the appeal as moot.  United States v. Haymond, 935 F.3d 1059, 1064 (10th Cir. 2019).  Therefore, it is still an open question as to whether § 3583(k)'s mandatory minimum provision should be

6

invalidated for violating the Fifth and Sixth Amendments or whether the statute can be salvaged by allowing a jury to be empaneled to find the facts beyond a reasonable doubt.

In determining whether Haymond announced a rule that applies retrospectively we rely on the framework established in Teague v. Lane, 489 U.S. 288 (1989). Teague generally provides that new constitutional rules apply prospectively only. Whorton v. Bockting, 549 U.S. 406, 416 (2007).  A new constitutional rule applies retroactively only if it is substantive or a watershed rule of criminal procedure.[1]  Id. Here, it is undisputed that Haymond did not announce a watershed rule of criminal procedure.  See United States v. Chang Hong, 671 F.3d 1147, 1157 (10th Cir. 2011), as amended (Sept. 1, 2011) ("To surmount this 'watershed' requirement, a new rule (1) 'must be necessary to prevent an impermissibly large risk of an inaccurate conviction,' and (2) 'must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.'" (citing Whorton, 549 U.S. 406, 418, (2007))).  A substantive rule is one that "alters the range of conduct or the class of persons that the law punishes."  Id.  "By contrast, a procedural rule regulate[s] only the manner of determining the defendant's culpability."  Id. (internal quotation and internal emphasis omitted).

---

[1] It is undisputed here that Haymond announced a "new" rule as the rule was not dictated by precedent at the time of Memmott's conviction. See Teague, 489 U.S. at 301, 109 S. Ct. 1060 ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final").

The district court relied on this Court's unpublished opinion in United States v. Salazar, 784 F. App'x 579, 583 (10th Cir. 2019) (unpublished), cert. denied, 140 S. Ct. 1232 (2020), in determining that Haymond announced a procedural rule that applied only prospectively. In Salazar, we reasoned that "Haymond does not 'alter[ ] the range of conduct or the class of persons that the law punishes'—possessing child pornography is still a crime after Haymond." Id. Instead, Haymond merely "regulated . . . the manner of determining the defendant's culpability" by allocating decision-making authority for culpability under § 3583(k) from judge to jury. Id. We agree with our prior opinion from Salazar and conclude that Haymond announced a procedural rule that only effects the manner of determining a defendant's culpability. "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." Schriro v. Summerlin, 542 U.S. 348, 353, (2004). The function of the rule in Haymond is to prevent judges from finding the facts necessary to support the mandatory minimum under § 3583(k) by a ponderance of the evidence. Thus, Haymond does not apply retroactively. Memmott's § 2255 motion is therefore untimely under 28 U.S.C. § 2255(f) as he cannot rely on § 2255(f)(3). Because we conclude that no reasonable jurist would disagree with this outcome, we deny Memmott's COA.

**CONCLUSION**

For the reasons set about above, we DENY Memmott a COA and DISMISS the appeal.

Entered for the Court


David M. Ebel
Circuit Judge