United States Court of Appeals

For the Eighth Circuit

_____

No. 22-2991
_____

United States of America

*Plaintiff   Appellee*

v.

Kenneth Leandrew Williams

*Defendant   Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: December 29, 2022
Filed: January 19, 2023
[Unpublished]

_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Kenneth Williams appeals after the district court[1] revoked his supervised release and sentenced him to 5 months in prison and 10 years of supervised release,

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

with a special condition that he reside in a residential reentry center for up to 120 days. His counsel has moved for leave to withdraw, and has filed a brief challenging the revocation sentence and the reentry center requirement. Williams has filed a pro se brief challenging the legality of his sentence.

After careful review of the record, we conclude that the revocation sentence was not illegal, as the sentence and additional term of supervised release are within the statutory maximum. *See* 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 2 years if underlying offense is Class C felony), (k) (maximum supervised release term is life); *United States v. Childs*, 17 F.4th 790, 792 (8th Cir. 2021) (noting that supervised release is distinct from the prison term and may be imposed in addition to the statutory maximum for the offense of conviction; rejecting argument that revocation sentence was illegal because defendant had already served more than the statutory maximum for the offense of conviction)*; United States v. Zoran*, 682 F.3d 1060, 1062-64 (8th Cir. 2012) (reviewing the legality of a revocation sentence de novo). Further, the sentence was not unreasonable, as the district court properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors; and the revocation sentence is within the advisory Guidelines range. *See United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) (holding that a revocation sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal); *United States v. Miller*, 557 F.3d 910, 915-18 (8th Cir. 2009) (reviewing the substantive reasonableness of a revocation sentence under a deferential abuse-of-discretion standard).

We also conclude that the district court did not abuse its discretion by requiring Williams to return to a reentry center. *See* 18 U.S.C. § 3563(b)(11) (court may require probationer to reside at a community corrections facility for all or part of the term of probation); U.S.S.G. § 5B1.3(e)(1) (residence in a community treatment center, halfway house or similar facility may be imposed as a condition of probation);

*United States v. Melton*, 666 F.3d 513, 517-18 (8th Cir. 2012) (holding that the district court has broad discretion to impose special conditions that are reasonably related to § 3553 factors, involve no greater deprivation of liberty than reasonably necessary, and are consistent with any pertinent Sentencing Commission policy statements).

As to Williams's pro se argument, we conclude that the district court was authorized to impose both a prison sentence and a term of supervised release. *See* 18 U.S.C. § 3583(h) (when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment). And the terms of imprisonment imposed for Williams's prior revocations do not "closely resemble the punishment of new criminal offenses . . . without granting a defendant the rights, including the jury right, that attend a new criminal prosecution." *United States v. Haymond*, 139 S. Ct. 2369, 2386 (2019) (Breyer, J., concurring in the judgment).

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____